JACQUELINE MOON et al., Respondents, v SHERATON CORPORATION et al., Appellants.

The plaintiffs Jacqueline Moon (Mrs. Moon) and Edward Moon (Mr. Moon) are husband and wife. On or about November 18, 1981, these plaintiffs commenced a personal injury action to recover damages from defendants, who own, operate and control the Sheraton Centre Hotel (Hotel), which is located at Seventh Avenue and 52nd Street, Manhattan. In their complaint, plaintiffs allege, in pertinent part, that due to, *inter alia,* the negligence of defendants in carrying out their duty to provide security to the Hotel's registered and paying guests like plaintiffs:

(1) at approximately 5:30 P.M. on September 5, 1981, while in a passenger elevator in the Hotel, Mrs. Moon was assaulted, robbed and sodomized by an unknown assailant, who held a knife to her throat; and, (2) the next day, at approximately 10:00 P.M. on September 6, 1981, while the plaintiffs were in a lobby lounge of the Hotel, Mrs. Moon's purse was stolen by an unknown person. Mr. Moon's cause of action is based on loss of consortium.

Following the joinder of issue, plaintiffs served a bill of particulars in which, *inter alia,* they claim that Mrs. Moon, as a result of the sexual assault, now suffers from, *inter alia,* anxiety, depression, phobias and posttraumatic stress syndrome. Subsequently, defendants deposed Mrs. Moon and, in her deposition, in pertinent part, she denied any psychiatric history before the alleged instant elevator attack. On August 19, 1983, plaintiffs filed a note of issue and a statement of readiness to place this matter on the Trial Calendar.

Thereafter, in the course of preparation for trial, defendants contend that their investigators uncovered information that allegedly sometime around 1970, while Mrs. Moon was then living in Florida, she was admitted to the Baptist Hospital of Jacksonville, for treatment of an unknown psychiatric condition; that allegedly during this Hospital stay Mrs. Moon complained of sexual harassment and an assault by an employee of the Hospital; and, that allegedly this Hospital has records that reflect various admissions of Mrs. Moon between the years 1960 and 1970. Based upon this information, defendants made a motion, supported by affidavits from the investigators, for, *inter alia:* (1) authorization to obtain copies of the subject Hospital records; and (2) a commission to examine the Hospital, by a person with a knowledge of these records. Special Term denied the motion. We disagree.

In view of the fact that defendants allege that these recently discovered 1970 Hospital records allegedly contain information that will rebut Mrs. Moon's denial in her deposition that she did not have a psychiatric history prior to the instant incident, we find that, even though the plaintiffs have filed a note of issue and statement of readiness, the defendants have produced the "unusual and unanticipated conditions * * * which make it necessary that further pre-trial examination * * * be had" (Rules of Supreme Ct, Bronx & NY Counties, 22 NYCRR 660.4 [d] [7] [i]). We note that plaintiffs' counsel, in an opposing affirmation, admits that Mrs. Moon was a patient in 1970 in the Hospital, but he denies that hospitalization is relevant to the issues of this case. Since privileged records are involved, we direct that an in

camera inspection of the subject records be undertaken by Special Term to ascertain their relevance and the extent of their disclosure, if any (*Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452, 463). Concur — Sullivan, J. P., Ross, Asch and Kassal, JJ.